Abdoulaye DIAKITE, also known as Mike Forbes, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 98–3907.

United States Court of Appeals, Seventh Circuit.

Submitted May 13, 1999.

Decided June 2, 1999.

John W. Blakeley, South Bend, IN, for Petitioner.

Janet Reno, Office of the United States Attorney General, Washington, DC; Samuel Der-Yeghiayan, Immigration & Naturalization Service, Chicago, IL; Quynh Vu, Department of Justice, Washington, DC, for Respondent.

Before COFFEY, EASTERBROOK, and ROVNER, Circuit Judges.

PER CURIAM.

Abdoulaye Diakite, a citizen of Liberia who failed to leave the United States when his visa expired, has been ordered deported for that reason plus his convictions for theft, forgery, and robbery. The Board of Immigration Appeals concluded that these are "serious" crimes that disentitle Diakite to consideration of his application for withholding of deportation. Now the INS asks us to dismiss his petition for review, on the ground that the crimes activate § 106(a)(10) of the Immigration and Nationality Act, 8 U.S.C. § 1105a(a)(10):

Any final order of deportation against an alien who is deportable by reason of having committed a criminal offense covered in section 241(a)(2)(A)(iii), (B), (C), or (D), or any offense covered by section 241(a)(2)(A)(ii) for which both predicate offenses are, without regard to the date of their commission, otherwise covered by section 241(a)(2)(A)(i), shall not be subject to review by any court.

■ Diakite concedes that he is an alien and that he committed crimes "covered in section 241(a)(2)(A)(iii), (B), (C), or (D)" so that § 106(a)(10) applies. (Technically, he concedes application of the equivalent transition rule in § 309(c)(4)(G) of the Illegal Immigrant Reform and Immigrant Responsibility Act of 1996, but this detail does not matter, and we refer to § 106(a)(10) for simplicity.) Nonetheless, he contends, he is not "deportable" and therefore may obtain judicial review of his contention that he would be subject to torture if returned to Liberia. *Yang v. INS*, 109 F.3d 1185, 1196 (7th Cir.1997), holds that before dismissing a petition under § 106(a)(10) "the court may (indeed, must) determine for itself whether the petitioner is (i) an alien (ii) deportable (iii) by reason of a criminal offense listed in the statute." According to Diakite, he is not "deportable" because Article 3 of the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, 23 I.L.M. 1027 (1984), as modified, 24 I.L.M. 535 (1985), precludes his return to Liberia.

■ Well after the President signed the Convention (1988), the Senate gave its consent (1990), and the United States filed the instrument of ratification (1994), Congress adopted implementing legislation. Section 2242 of the Foreign Affairs Reform and Restructuring Act of 1998, Pub.L. 105–277, 112 Stat. 2681 (Oct. 21, 1998). Regulations under § 2242 entitle Diakite to administrative review of his claim based on the Convention. 8 C.F.R. § 208.18(b), adopted by 64 Fed.Reg. 8478 (Feb. 19, 1999). But the Convention does not define who is "deportable" for the purpose of § 106(a)(10). Our jurisdiction to determine jurisdiction extends no further than inquiring whether the criteria of the jurisdictional statute have been met—and neither the Convention nor § 2242 is a grant of jurisdiction. Under § 106(a)(10), an "alien who is deportable *by reason of* having committed a criminal offense covered in section 241(a)(2)(A)(iii), (B), (C), or (D)" (emphasis added) cannot obtain judicial review of the final order of deportation (or removal). Diakite wants us to divorce the word "deportable" from the words "by reason of" a crime. Yet, as we emphasized in *Yang*, § 106(a)(10) means that an alien who has committed a serious criminal offense forfeits his entitlement to judicial review of contentions that for some other statutory reason he is entitled to remain.

Aliens retain a right to full administrative consideration of arguments based on other statutes and regulations, but with respect to these the BIA's decision is conclusive. Arguments based on the Convention are among those that now are finally resolved by the administrative process, just like the claims for asylum and withholding of deportation in *Yang*. Removing the word "deportable" from its context, and disregarding the phrase "by reason of", would afford criminal aliens judicial review of all arguments in opposition to removal, effectively nullifying the statute. The "by reason of" qualifier shows that this is not the sense in which § 106(a)(10) uses the word "deportable." Every alien who seeks judicial review of an order of deportation contends that he is not "deportable" in the sense that Diakite gives to that word—that he should be permitted to remain in the United States. All of the aliens in *Yang* itself made such an argument; we nonetheless dismissed three of the four petitions for review.

We held open in *Yang*, and again in *LaGuerre v. Reno*, 164 F.3d 1035 (7th Cir.1998), the possibility that constitutional objections to deportation survive § 106(a)(10) because they show that the

alien is not being deported "by reason of" his crimes, but for another and forbidden reason, such as religion or politics. But Diakite does not contend that the true reason for his deportation differs from the ostensible ones—the expiration of his visa plus his criminal convictions—so this reservation does not avail him. Some criminal aliens' contentions are reviewable in the district courts because of limitations on the review-preclusion language in other statutes. See *Reno v. American–Arab Anti–Discrimination Committee*, —— U.S. ——, 119 S.Ct. 936, 142 L.Ed.2d 940 (1999); *Parra v. Perryman*, 172 F.3d 954 (7th Cir.1999). Again, however, this possibility does Diakite no good; § 106(a)(10) speaks directly to his petition for review in this court.

The INS represents that Diakite is entitled to an administrative decision under the Convention even though his order of deportation was entered before the Convention was implemented in the United States. Diakite must seek his remedy in the administrative forum. On the command of § 106(a)(10), his petition for review is dismissed for want of jurisdiction.