# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 00-1532

———————

| | | |
|---|---|---|
| Lazaro Despaigne Borrero, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Petition for Review of |
| | * | an Order of the Immigration |
| Immigration and Naturalization | * | and Naturalization Service. |
| Service, | * | |
| | * | [UNPUBLISHED] |
| Appellee. | * | |

———————

Submitted: September 7, 2000
Filed: September 11, 2000

———————

Before RICHARD S. ARNOLD, BRIGHT, and BEAM, Circuit Judges.

———————

PER CURIAM.

Lazaro Despaigne Borrero, a Cuban citizen, petitions for review of a final order of the Board of Immigration Appeals dismissing his appeal of an Immigration Judge's determination that he was ineligible for relief under the legislation implementing Article 3 of the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment (Convention Against Torture). Mr. Borrero does not contest the finding below that he is an alien removable by virtue of his prior state felony convictions. Accordingly, we lack jurisdiction to review the instant petition. See 8 U.S.C. § 1252(a)(2)(C) (notwithstanding any other provision of law, no court has

jurisdiction to review any final order of removal against alien who is removable by reason of having committed criminal offense covered in 8 U.S.C. §§ 1182(a)(2), 1227(a)(2)(A)(iii), or 1227(a)(2)(B)); Castro-Baez v. Reno, 217 F.3d 1057, 1058-60 (9th Cir. 2000) (recognizing appellate court's jurisdiction extends to deciding only whether alien had committed deportable offense under § 1252(a)(2)(C), and dismissing for lack of jurisdiction after concluding such offense had been committed); Diakite v. INS, 179 F.3d 553, 554 (7th Cir. 1999) (per curiam) (neither Convention Against Torture nor its implementing legislation grants appellate jurisdiction over petition of alien in deportation proceedings pursuant to § 1252's predecessor, 8 U.S.C. § 1105a(a)(10)); Mendez-Morales v. INS, 119 F.3d 738, 739 (8th Cir. 1997) (per curiam) (appeals court has no jurisdiction where petitioner was deportable by reason of criminal conviction for "aggravated felony" and petitioner did not dispute that offense was aggravated felony).

Accordingly, we dismiss the petition.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.