[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 03-15024
Non-Argument Calendar

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 2, 2004
THOMAS K. KAHN
CLERK

BIA Docket No. A28-864-357

CHIEN FEI CHUANG,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

**(September 2, 2004)**

Before TJOFLAT, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Chien Fei Chuang, a national of Tawain, petitions this court for review of a final order of the Board of Immigration Appeals affirming without opinion the Immigration Judge's decision denying Chuang's request for relief from deportation under former § 212(c) of the Immigration and Nationality Act.

Chuang entered the United States in 1988, and became a lawful permanent resident on April 12, 1989. On July 15, 1996, he pleaded guilty to indecent assault of a child under 16 in violation of Fla. Stat. § 800.04. In February 2000, the INS served Chuang with a notice to appear, charging him with removability under INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), due to his conviction for an aggravated felony, as defined in INA § 101(a)(43)(A), 8 U.S.C. § 1101(a)(43)(A).

At his hearing before the IJ, Chuang argued that his conviction was not an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(A) because it did not involve sexual arousal and therefore did not qualify as "sexual abuse of a minor." He applied for discretionary relief under INA § 212(c), 8 U.S.C. § 1182(c). The IJ found that Chuang was removable because his conviction for indecent assault was an aggravated felony under § 1101(a)(43)(A). The IJ also found that AEDPA § 440(d) made aggravated felons ineligible for § 212(c) relief from deportation. The BIA affirmed the IJ's findings without opinion.

Chuang makes two arguments in his petition for review. First, he argues that his conviction for indecent assault does not qualify as "sexual abuse of a minor" under 8 U.S.C. § 1101(a)(43)(A). Second, he argues that AEDPA's § 440(d) bar against INA § 212(c) relief for deportable criminal aliens, given that excludable aliens are not barred, violates Equal Protection under the Due Process Clause of the Fifth Amendment.

We review the BIA's statutory interpretation of its laws and regulations de novo. Barreto-Claro v. U.S. Attorney Gen., 275 F.3d 1334, 1338 (11th Cir. 2001). However, we defer to the BIA's interpretation of the applicable statute when the interpretation is reasonable. Id.

## I.

8 U.S.C. § 1252(a)(2)(C) provides that:

> Notwithstanding any other provision of law, no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section . . . 1227(a)(2)(A)(iii) . . . .

Where our review is limited by statutory conditions, "we retain jurisdiction to determine only whether those conditions exist." Brooks v. Ashcroft, 283 F.3d 1268, 1272 (11th Cir. 2002). We therefore have the power to review whether Chuang has "committed a criminal offense covered in section . . . 1227(a)(2)(A)(iii)."

3

Section 1227(a)(2)(A)(iii) provides that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." An aggravated felony is defined in 8 U.S.C. § 1101(a)(43)(A) to include "murder, rape, or sexual abuse of a minor."

Chuang was convicted under Fla. Stat. § 800.04 on July 15, 1996. The judgment against Chuang listed his crime as "Indecent Assault child under 16." Section 800.04 proscribes different types of conduct, and it is not clear pursuant to which prong Chuang was charged. At the time of his conviction, § 800.04 read as follows:

> Lewd, lascivious, or indecent assault or act upon or in presence of child
>
> A person who:
> (1) Handles, fondles, or assaults any child under the age of 16 years in a lewd, lascivious, or indecent manner;
> (2) Commits actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, sadomasochistic abuse, actual lewd exhibition of the genitals, or any act or conduct which simulates that sexual battery is being or will be committed upon any child under the age of 16 years or forces or entices the child to commit any such act;
> (3) Commits an act defined as sexual battery under s. 794.011(1)(b) upon any child under the age of 16 years; or
> (4) Knowingly commits any lewd or lascivious act in the presence of any child under the age of 16 years,
> without committing the crime of sexual battery, commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s.

775.084. Neither the victim's lack of chastity nor the victim's consent is a defense to the crime proscribed by this section. A mother's breastfeeding of her baby does not under any circumstance violate this section.

4

Fla. Stat. § 800.04 (1996).

In United States v. Padilla-Reyes, 247 F.3d 1158 (11th Cir. 2001), we held in relation to a previous version of Fla. Stat. § 800.04 that "a violation of § 800.04 is 'sexual abuse of a minor'" under 8 U.S.C. § 1101(a)(43)(A). Id. at 1164. In reaching that conclusion, we defined "sexual abuse of a minor" as "a perpetrator's physical or nonphysical misuse or maltreatment of a minor for a purpose associated with sexual gratification." Id. at 1163.

Chuang argues that in determining whether his conviction qualifies as sexual abuse of a minor, we should evaluate the factual circumstances of his offense instead of the terms of the statute under which he was convicted. He asserts that his conduct, "indecent pointing–and perhaps touching–of a young boy's penis," though it qualified as indecent assault under Fla. Stat. § 800.04, did not constitute "sexual abuse of a minor" because the facts showed no purpose associated with sexual gratification.

Chuang's argument fails. In determining whether an offender has committed an "aggravated felony" pursuant to 8 U.S.C. § 1101(a)(43)(A), we "only look at the statutory definition of the crime of conviction, not the underlying facts and circumstances of [the offender's] particular offense." Ramsey v. I.N.S., 55 F.3d 580, 583 (11th Cir. 1995). Thus, in determining whether Chuang was

convicted of "sexual abuse of a minor," we do not look to the facts of his offense, but to the conduct proscribed by Fla. Stat. § 800.04. We have already held that "sexual abuse of a minor" includes a violation of Fla. Stat. § 800.04. Padilla-Reyes, 247 F.3d at 1164. The only difference between the versions of § 800.04 under which Padilla-Reyes and Chuang were convicted is the addition to the latter of prong (2), which involves "actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, sadomasochistic abuse, actual lewd exhibition of the genitals, or any act or conduct which simulated that sexual battery is being or will be committed upon any child under the age of 16 years." Compare Fla. Stat. § 800.04 (1987), with Fla. Stat. § 800.04 (1996). We do not think that this addition proscribes any conduct that does not involve "a purpose associated with sexual gratification." Padilla-Reyes, 247 F.3d at 1163. Thus, regardless of which prong of § 800.04 Chuang's conduct fell under, his conviction was for a crime constituting "sexual abuse of a minor" under 8 U.S.C. § 1101(a)(43)(A).

## II.

To evaluate Chuang's second argument, another round of statutory explanation is in order. Former INA § 212(c), 8 U.S.C. § 1182(c), provided that an alien lawfully admitted for permanent residence who temporarily proceeds abroad voluntarily and not under an order of deportation, and who is returning to a lawful

6

unrelinquished domicile of seven consecutive years, may be admitted to the United States at the discretion of the Attorney General without regard to certain specified grounds of exclusion enumerated in INA § 212(a), 8 U.S.C. § 1182(a). The availability of a § 212(c) waiver was extended to lawful permanent residents who never left the United States but who are subject to deportation on grounds analogous to the grounds of exclusion specified in 8 U.S.C. § 1182(a). See, e.g., Jaramillo v. I.N.S., 1 F.3d 1149, 1150-51 (11th Cir. 1993) (en banc); Rodriguez-Padron v. I.N.S., 13 F.3d 1455, 1460-61 (11th Cir. 1994). Thus, § 212(c) relief was available to both "excludable aliens," who seek to enter the United States to take up residence, and whom the Attorney General otherwise has the power to exclude, and "deportable aliens," who are aliens presently residing in the United States, but who are subject to deportation on various grounds.

The Immigration Act of 1990 amended 8 U.S.C. § 1182(c) to exclude from eligibility for § 212(c) relief aliens who have been convicted of one or more aggravated felonies and served a term of imprisonment of at least five years. IA § 511(a), 104 Stat. 5052; Brooks, 283 F.3d at 1271 n.2. In 1996, AEDPA § 440(d) rendered aliens "convicted of aggravated felonies, regardless of the length of their sentence, ineligible for discretionary relief from deportation under § 212(c) of the INA." Brooks, 283 F.3d at 1271; AEDPA § 440(d), Pub. L. No. 104-132, 110

7

Stat. 1214, 1277. The BIA has interpreted AEDPA § 440(d) as rendering only deportable aliens, not excludable aliens, ineligible for relief. See In re Fuentes-Campos, Int. Dec. 3318 (BIA May 14, 1997).

Subsequent to passage of AEDPA, the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 was passed. IIRIRA § 304(b) repealed INA § 212(c) and replaced it with a more restrictive provision in INA § 240(a) called "cancellation of removal." See 8 U.S.C. § 1229b. "Consistent with AEDPA, § 304 of IIRIRA provided that cancellation of removal was not available to an alien convicted of any aggravated felony." Brooks, 283 F.3d at 1271. Section 321 of IIRIRA expanded the definition of aggravated felony to include "sexual abuse of a minor," and stated that the expanded definition applies regardless of the date of conviction. See Mohammed v. Ashcroft, 261 F.3d 1244, 1250 (11th Cir. 2001).

IIRIRA became effective in September 30, 1996, after Chuang's conviction on July 15, 1996. But, even if at the time of his conviction Chuang was not an "aggravated felon" ineligible for § 212(c) relief under AEDPA § 440(d), IIRIRA clearly gave its expansion of the definition of an aggravated felon retroactive effect. Mohammed, 261 F.3d at 1250.

Chuang asserts that AEDPA § 440(d)'s bar against INA § 212(c) relief for deportable criminal aliens, and its allowance of § 212(c) relief for excludable

8

aliens, violates his right to Equal Protection under the Due Process Clause of the Fifth Amendment.

We note first that notwithstanding 8 U.S.C. § 1252(a)(2)(C)'s jurisdictional limitations on our review of a final order of removal against an alien who is removable by reason of having committed a criminal offense, we retain jurisdiction to review such an order to the extent that a petitioner raises a substantial constitutional issue. Brooks, 283 F.3d at 1273. We thus have jurisdiction to consider Chuang's Fifth Amendment claims.

"Classifications that distinguish among groups of aliens are subject to rational basis review, and will be found valid if not arbitrary or unreasonable." Id. at 1274. Chuang asserts that there is no rational basis for AEDPA § 440's allowance of § 212(c) relief for excludable aliens, when it precludes that relief for deportable aliens. He points out that if he had left the United States and attempted to return, he would, pursuant to BIA decisions such as Fuentes-Campos, be eligible to petition for relief. He argues that there is no rational basis for this distinction.

Chuang's position has been flatly rejected by seven of the eight Circuits which have decided the issue. See Asad v. Reno, 242 F.3d 702, 706-07 (6th Cir. 2001); Domond v. I.N.S., 244 F.3d 81, 87-88 (2d Cir. 2001); Requena-Rodriguez v. Pasquarell, 190 F.3d 299, 308-09 (5th Cir. 1999); DeSousa v. Reno, 190 F.3d

9

175, 185 (3d Cir. 1999); Jurado-Gutierrez v. Greene, 190 F.3d 1135, 1152-53 (10th

Cir. 1999); Almon v. Reno, 192 F.3d 28 (1st Cir. 1999); LaGuerre v. Reno, 164

F.3d 1035, 1041-42 (7th Cir. 1998).  But see Servin-Espinoza v. Ashcroft, 309

F.3d 1193, 1199 (9th Cir. 2002).  We now make it eight out of nine.

The Seventh Circuit in LaGuerre most eloquently stated the rational basis

behind AEDPA § 440:

> A rational and indeed sensible reason can readily be assigned to Congress's more lenient treatment of excludable as distinct from deportable aliens:  it creates an incentive for deportable aliens to leave the country – which is after all the goal of deportation – without their having to be ordered to leave at the government's expense. To induce their voluntary departure, a little carrot is dangled before them, consisting of the opportunity to seek a waiver should they seek to return to the country and by doing so trigger exclusion proceedings.
> This equal protection issue must not be confused with that in Francis v. INS, 532 F.2d 268 (2d Cir. 1976), where the government was taking the irrational position that an alien who after coming to the United States had taken a trip abroad and returned and was then ordered deported was entitled to more consideration than one who had never taken a foreign trip after coming to the United States. That is different from the situation of an alien who seeks discretionary relief while he is still outside the United States.

164 F.3d at 1041.

Because there is a rational basis behind the different treatment of excludable

and deportable aliens, Chuang's Equal Protection claim fails.

AFFIRMED.

10