[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 29, 2005
THOMAS K. KAHN
CLERK

No. 04-14335
Non-Argument Calendar
_____

BIA No. A29-892-018

FLORENCE CHINYERE NNANI,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

**(August 29, 2005)**

Before TJOFLAT, ANDERSON and MARCUS, Circuit Judges.

PER CURIAM:

Florence Chinyere Nnani, a native and citizen of Nigeria, petitions this Court

for review of the Board of Immigration Appeals' ("BIA's") dismissal of her appeal

from the immigration judge's ("IJ's") decision denying her request for relief under

the United Nations Convention Against Torture and Other Cruel, Inhumane or Degrading Treatment or Punishment ("CAT"), 8 C.F.R. §§ 208.16-18.[1] After careful review, we dismiss her petition in part, for lack of jurisdiction, and deny it in part.

The relevant facts are these. After an evidentiary hearing on Nnani's petition for withholding of removal, pursuant to the INA, and request for CAT relief, the IJ concluded that Nnani was not eligible for withholding of removal because she previously was convicted of a drug trafficking offense involving a large quantity of drugs (117.6 grams of marijuana and 8.9 grams of heroin); she did not play a "merely peripheral" role in the offense; and the drugs were kept in a house with Nnani's three small children. Thus, the IJ concluded Nnani had not presented a "rase case exception," within the meaning of In re Y-L, A-G, R-S-R, 23 I&N Dec. 270, 276-77 (A.G. 2002), meriting withholding of removal despite her prior conviction.

As for CAT relief, Nnani's claim was based on a fear of retaliation by her in-laws for testimony she gave during her brother-in-law's trial for drug trafficking and a fear that her daughters would be circumcised if returned to Nigeria. The IJ found that Nnani had not satisfied the "more likely than not" standard for CAT relief

---

[1] The IJ also denied her request for withholding of deportation under Immigration and Nationality Act ("INA") § 243(h), 8 U.S.C. § 1253(h), but Nnani does not challenge this finding on appeal. Accordingly, we treat any claims as to INA relief as waived. See Rowe v. Schreiber, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998) (issues not argued on appeal are deemed waived).

because she did not show that it was more likely than not that she would be suffer torture, <u>on behalf of the government</u>, if removed to Nigeria. The BIA, in turn, concluded that the IJ properly found Nnani ineligible for withholding of removal under the INA or CAT relief. This appeal followed.

Pursuant to the REAL ID Act of 2005, H.R. 1268 109th Cong., Pub. L. No. 109-13, Div. B, 119 Stat. 231 ("REAL ID Act"), enacted on May 11, 2005, this Court's jurisdiction over the instant petition is governed by the permanent rules for judicial review, INA § 242, 8 U.S.C. § 1252(a) (established by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, Div. C, 110 Stat. 3009), which became effective April 1, 1997.[2] The REAL ID Act further provides that its amendments to § 1252 "shall take effect upon the date of the enactment of this division and shall apply to cases in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of the enactment of this division." REAL ID Act § 106(b), 119 Stat. at 311. Thus, the amendments apply to Nnani's case.

---

[2] Prior to the enactment of the REAL ID Act, our jurisdiction over this case was governed by the transitional rules for judicial review set out in IIRIRA § 309(c)(4), which applied to final orders issued after October 31, 1996, in cases that were begun before April 1, 1997. <u>See</u> <u>Al Najjar v. Ashcroft</u>, 257 F.3d 1262, 1276 (11th Cir. 2001). Section 106(d) of the REAL ID Act provides the following: "A petition for review filed under former section 106(a) of the Immigration and Nationality Act (as in effect before its repeal by [IIRIRA §] 306(b), shall be treated as if it had been filed as a petition for review under section 242 of the [INA] . . ., as amended by this section . . . ."

3

Our jurisdiction to review denials of <u>CAT</u> relief arises only from our jurisdiction over final orders of removal. <u>See</u> 8 C.F.R. § 208.18(e)(1) ("[T]here shall be no judicial appeal or review of any action, decision, or claim raised under [CAT] . . . , except as part of the review of a final order of removal.").[3] Accordingly, where we lack jurisdiction to review a final order of removal, we also are barred from considering any decisions with regard to CAT relief that were incident to that removal order.

After enactment of the REAL ID Act, review of Nnani's petition continues to be governed by 8 U.S.C. § 1252(a)(2)(C), which prohibits the appellate courts from reviewing "any final order of removal against an alien who is removable by reason of having committed a criminal offense," as defined by, <u>inter alia</u>, 8 U.S.C. § 1227(a)(2)(B) (controlled substance offenses). However, the REAL ID Act amended § 1252(a)(2) to repeal the jurisdictional bar insofar as it affects "constitutional claims" or "questions of law." REAL ID Act § 106(a)(1)(A)(iii) (codified at 8 U.S.C.

---

[3] <u>See also</u> Foreign Affairs Reform and Restructuring Act of 1998 ("FARRA"), Pub. L. No. 105-277 § 2242, 112 Stat. 2681 (1998), <u>reprinted in</u> 8 U.S.C. § 1231 note; <u>Balogun v. Ashcroft</u>, 270 F.3d 274, 279 (5th Cir. 2001) (holding that, under INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C), appellate courts are barred from exercising jurisdiction over claims for CAT relief, where the petitioner is an alien who is removable for having committed an enumerated offense); <u>Diakite v. INS</u>, 179 F.3d 553, 554 (7th Cir. 1999) (holding that neither CAT nor FARRA grants appellate courts jurisdiction over claims for CAT relief, and, therefore, the jurisdiction-stripping provision of INA § 106(a)(10), 8 U.S.C. § 1105a(a)(10), the precursor to IIRIRA § 309(c)(4)(G), applies to limit appellate-court jurisdiction over such claims).

§ 1252(A)(2)(D)) (amending 8 U.S.C. § 1252 by adding a new provision, §

1252(a)(2)(D), as follows: "Judicial Review of Certain Legal Claims - Nothing in

subparagraph (B) or (C), or in any other provision of this Act (other than this section)

which limits or eliminates judicial review, shall be construed as precluding review of

constitutional claims or questions of law raised upon a petition for review filed with

an appropriate court of appeals in accordance with this section." (emphasis added)).[4]

In this appeal, Nnani challenges the probative value of certain exhibits

considered by the IJ at the evidentiary hearing and argues, among other things, that

the IJ erred by placing too much weight on Nnani's own testimony and not fully

considering the U.S. Department of State's 2004 Country Report on Nigeria and an

International Family Planning Perspectives Report entitled "Rite of Passage Or

Violation of Rights."  Again, in order for us to have jurisdiction to review the denial

of Nnani's petition for CAT relief, her petition for review must involve one of two

types of issues: (1) constitutional claims, or (2) questions of law. Id.  To the extent

she challenges factual findings or credibility determinations, made at the

---

[4]  Before enactment of the REAL ID Act, it was well-settled in this Circuit that, despite § 1252(a)(2)(C)'s jurisdictional bar, we retained jurisdiction to review "substantial constitutional claims." Chuang v. U.S. Att'y Gen., 382 F.3d 1299, 1303 (11th Cir. 2004); Balogun v. U.S. Att'y Gen., 304 F.3d 1303, 1305 (11th Cir. 2002) ("[E]ven if § 1252(a)(2)(C) applies, appellate review of [a removal] order may still be appropriate if [the petitioner] raises a 'substantial constitutional' challenge to his removal."); Brooks v. Ashcroft, 283 F.3d 1268, 1273 (11th Cir. 2002); Oguejiofor v. U.S. Att'y Gen., 277 F.3d 1305, 1308 (11th Cir. 2002).

administrative level by the IJ, or the IJ's rulings on admissibility and probative value, we do not have jurisdiction to grant review and dismiss her appeal as to those issues.

As for Nnani's remaining arguments, which concern the sufficiency of the evidence to support her CAT claim, we are satisfied that substantial evidence supports the IJ's denial of CAT relief and we discern nothing that would compel a reasonable factfinder to conclude that Nnani would be tortured by someone acting "at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1). Moreover, as found by the IJ, Nnani failed to demonstrate a "well founded fear" of future persecution upon return to Nigeria, and it thus follows that Nnani failed to show that it was more likely than not she would be tortured on account of a protected factor. Accordingly, we can find no legal error in the denial of CAT relief and deny Nnani's petition as to the legal issues her petition raises.

**PETITION DISMISSED IN PART AND DENIED IN PART.**