[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 25, 2007
THOMAS K. KAHN
CLERK

No. 07-10204
Non-Argument Calendar

_____

BIA No. A37-749-566

HUGH ANTHONY HAMILTON,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(June 25, 2007)**

Before BIRCH, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Hugh Anthony Hamilton appeals the BIA's denial of his motion for reconsideration of its earlier dismissal of his appeal of the IJ's refusal to grant him discretionary relief under former INA § 212(c), 8 U.S.C. § 1182(c) (1994).[1] Hamilton argues that the BIA abused its discretion in denying reconsideration because the IJ violated his due process rights in conducting an allegedly hostile, biased hearing that was fundamentally unfair.

The government claims that we lack jurisdiction to review the merits of the BIA's final order of removal under 8 U.S.C. § 1252(a)(2)(C), because Hamilton is an alien and is removable for having committed an aggravated felony—possession with the intent to distribute cocaine. Further, the government argues that Hamilton has failed to present (1) a cognizable constitutional claim or (2) a statutory question regarding the denial of his § 212(c) application and therefore does not qualify for the § 1252(a)(2)(D) exception to the jurisdictional bar, which allows us

---

[1] That section provided that "[a]liens lawfully admitted for permanent reside[nce] . . . who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted [to the United States] in the discretion of the Attorney General . . . . The first sentence of this subsection shall not apply to an alien who has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least 5 years." INS § 212(c); 8 U.S.C. § 1182(c) (1994). "Section 212(c) was repealed in 1996, but the Supreme Court partially extended its availability in INS v. St. Cyr, 533 U.S. 289, 121 S. Ct. 2271 . . . (2001)." Savoury v. United States Att'y Gen., 449 F.3d 1307, 1312 (11th Cir. 2006). Although Hamilton was sentenced to seven-years imprisonment after pleading guilty to the cocaine charges, he only served eighteen months in prison and was therefore statutorily eligible for § 212(c) relief.

2

to exercise jurisdiction over those two types of claims even where the petitioner is convicted of an aggravated felony.

Hamilton has been before the IJ and BIA multiple times due to his reliance on former § 212(c) and the subsequent cases of In re Soriano, 21 I. & N. Dec. 516, 520 (BIA 1996) (allowing the reopening of removal proceedings if the petitioner conceded deportability prior to the enactment of AEDPA[2] in reliance on the availability of section 212(c) relief), and INS v. St. Cyr, 533 U.S. 289, 121 S. Ct. 2271 (2001) (determining that AEDPA did not apply retroactively to aliens who pleaded guilty prior to the enactment of the statute). In his third and latest appearance before the Immigration Court, the IJ determined that Hamilton's § 212(c) claim failed on the merits because Hamilton had done nothing to improve himself, had failed to file taxes, had no property, children or dependents, had a haphazard employment history, had no steady home, and had performed no community service. The IJ weighed the equities and counter equities, and found that it was not in the best interest of the community to award Hamilton § 212(c) discretionary relief.

---

[2] The Antiterrorism and Effective Death Penalty Act of 1996 (ADEPA) § 404(d), Pub. L. No. 104-132, 110 Stat. 1214, 1277, rendered aliens convicted of aggravated felonies, regardless of the length of their sentence, ineligible for discretionary relief from deportation under § 212(c) of the INA. See Chuang v. United States Att'y Gen., 382 F.3d 1299, 1302 (11th Cir. 2004).

Hamilton appealed that decision to the BIA, claiming that the IJ failed to adequately balance the equities, was biased against him, appeared annoyed, and was impaired from making independent findings of fact. The BIA affirmed the IJ and entered a final order of removal, noting that Hamilton failed to demonstrate unusual or outstanding equities. Hamilton did not appeal the BIA's decision (just as he did not appeal the BIA's two prior decisions) but instead filed a motion to reconsider. That motion did not specifically allege that his due process rights had been violated but claimed that the IJ did not allow him to present new evidence and did not give enough weight to the positive equities he offered. The BIA subsequently denied Hamilton's motion to reconsider, and Hamilton filed a timely appeal to this court.

We must begin by determining whether and to what extent we have jurisdiction over Hamilton's appeal. We review de novo questions of subject matter jurisdiction. Jaggernauth v. United States Att'y Gen., 432 F.3d 1346, 1350 (11th Cir. 2005). Moreover, we have an obligation to inquire into subject matter jurisdiction sua sponte whenever it may be lacking. Cadet v. Bulger, 377 F.3d 1173, 1179 (11th Cir. 2004).

Although Hamilton did not expressly appeal the BIA's final order of removal, his motion to reconsider alleges some claims that are directly linked to that decision and the underlying decisions of the IJ. We have no jurisdiction to

4

consider those decisions for two reasons. First, because Hamilton was convicted of possessing cocaine with the intent to distribute (an aggravated felony), we lack jurisdiction under 8 U.S.C. § 1252(a)(2)(C) to review an order of removal entered against him. We only have jurisdiction to the extent Hamilton raises a constitutional claim or a question of law. Id. § 1252(a)(2)(D).

Second, although the government did not raise the argument, we hold sua sponte that we lack jurisdiction to review the BIA's order of removal and the underlying IJ decisions because Hamilton failed to file a timely appeal in this court. The IJ's removal order became final when it was affirmed by the BIA on July 28, 2006. See 8 C.F.R. § 1241.1. Hamilton had thirty days to petition for review of that order, but he failed to do so. See 8 U.S.C. § 1252(b)(1)–(2). The motion to reconsider that Hamilton did file in a timely fashion did not toll the thirty-day time period. Dakane v. United States Att'y Gen., 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (motion to reopen). Therefore, we have jurisdiction only to review the BIA's denial of Hamilton's motion to reconsider. We cannot review any claims arising out of the BIA's order of removal or the attendant IJ orders, including Hamilton's constitutional due process claim to the extent it was not included in his motion to reconsider. See Amaya-Artunduaga v. United States Att'y Gen., 463 F.3d 1247, 1251 (11th Cir. 2006) (noting that procedural due

5

process claims alleging that the petitioner was denied a full and fair hearing before a neutral factfinder requires administrative exhaustion).

Accordingly, we turn to Hamilton's motion to reconsider. "Aliens are entitled to due process of law in deportation [or removal] hearings." Ibrahim v. INS, 821 F.2d 1547, 1550 (11th Cir. 1987). "Due process is satisfied only by a full and fair hearing." Id. Thus, an alien's procedural due process rights are violated where he is denied a full and fair hearing before a neutral IJ. See Amaya-Artunduaga, 463 F.3d at 1251. Our review here is for abuse of discretion. See Assa'ad v. United States Att'y Gen., 332 F.3d 1321, 1341 (11th Cir. 2003). Judicial review is "limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary and capricious." Abdi v. United States Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005) (citation and quotation marks omitted).

Upon review of the record and the BIA's denial of Hamilton's motion to reconsider, we find no abuse of discretion. The transcript from the IJ hearing indicates that the IJ allowed Hamilton and all of his witnesses to testify. The IJ listened to and evaluated the testimony, asked follow-up questions, and cited that testimony is his oral decision. The IJ was not biased. While he challenged Hamilton's failure to improve himself, he also challenged government's failure to submit proof regarding Hamilton's 2001 conviction for using false documents.

6

Hamilton had a full and fair hearing before the IJ, and the BIA did not abuse its discretion in refusing to reconsider its decision.

**PETITION DISMISSED IN PART, DENIED IN PART.**