UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-1948

GURDARSHAN SINGH,

Petitioner,

versus

PETER D. KEISLER, Acting Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A27-536-685)

Argued: September 27, 2007        Decided: November 20, 2007

Before WILKINSON, MOTZ, and GREGORY, Circuit Judges.

Petition dismissed in part and denied in part by unpublished per curiam opinion.

**ARGUED:** Steffanie Jones Lewis, INTERNATIONAL BUSINESS LAW FIRM, P.C., Washington, D.C., for Petitioner.  Ernesto Horacio Molina, Jr., Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.  **ON BRIEF:** Alexandru I. Craciunescu, INTERNATIONAL BUSINESS LAW FIRM, P.C., Washington, D.C., for Petitioner.  Peter D. Keisler, Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Carol Federighi, Senior Litigation Counsel, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gurdarshan Singh petitions this court for review of a final order of the Board of Immigration Appeals ("BIA") denying his request for relief from deportation under § 212(c) of the Immigration and Naturalization Act ("INA"). Singh challenges the order on the grounds that the BIA abused its discretion in denying Singh's request for relief from deportation under § 212(c) of the INA.[1] For reasons that follow, we deny Singh's petition.

---

[1]Singh raises two additional claims, one of which we dismiss and one of which we decline to reach. Singh first contends that the Immigration Judge ("IJ") erred in finding him removable as an aggravated felon. We do not have jurisdiction to hear this claim, because Singh did not appeal his deportability status to this court in 1999. Although Singh filed a timely appeal of the IJ's 1998 decision that he was removable from the United States as an aggravated felon to the BIA, he did not appeal the BIA's August 20, 1999 decision -- which remanded to the IJ for consideration of Singh's newly raised claim that he was eligible for deferral of removal -- to this court. Instead, Singh waited five years before filing a motion to reopen the question of whether he was properly found removable. This motion to reopen cannot substitute for a failure to file a timely appeal. We therefore dismiss for lack of jurisdiction Singh's claim that the IJ erred in finding him removable as an aggravated felon.

Singh also raises an equal protection claim, on the grounds that, if we were to determine that his "conviction did not render him deportable, and thus ineligible for § 212(c) . . . it is unequal treatment to deny eligibility to an alien who committed an non-deportable crime and grant eligibility to an alien who committed a more serious, deportable, crime." Because we deny Singh's petition on independent grounds, we need not reach this claim.

I.

Gurdarshan Singh, a native of India, was admitted into the United States in November 1986 as a non-immigrant visitor and became a lawful permanent resident in February 1992. Since entering the United States, Singh has resided in the Washington, D.C. area, where he has served as a spiritual leader for the Indian Sikh community. Singh also gave piano lessons to children in the Sikh community.

In 1996, Singh was accused of improperly touching one of his piano students, whom he had taught from 1989 until 1991. The alleged victim was between eleven and thirteen years of age during the relevant time period. In January 1997, Singh pled guilty to one count of Sexual Offense in the Fourth Degree in violation of Article 27, § 464(C) of the Maryland Code. <u>Recodified with new language without substantive change as</u> Md. Code Ann., Criminal Law § 3-305 (2002). On April 9, 1997, his plea was entered by the Circuit Court for Montgomery County, Maryland. Singh was sentenced to one year imprisonment, which was suspended, and eighteen months probation.

In June 1997, the former Immigration and Naturalization Service filed a Notice to Appear against Singh, stating that he was removable (1) under 8 U.S.C. § 1227(a)(2)(E)(I), as an alien who, after admission to the United States, was convicted of a crime of child abuse, and (2) under 8 U.S.C. § 1227(a)(2)(A)(iii), as an

alien who, after admission to the United States, was convicted of an aggravated felony as defined in 8 U.S.C. § 1101(a)(43), specifically, sexual abuse of a minor. 8 U.S.C. § 1101(a)(43)(A) (2000).

After filing a motion for reconsideration in his state court criminal proceedings, in August 1997, Singh was resentenced to 360 days imprisonment, which was suspended, and his plea was amended to clarify that he was convicted of violating § 464(C)(a)(1) of the Maryland Code, which provided that: "A person is guilty of a sexual offense in the fourth degree if the person engages: (1) in sexual contact with another person against the will and without the consent of the other person . . . ."

At Singh's initial removal hearing in October 1997, the Immigration Judge ("IJ") orally declared Singh removable as an aggravated felon, and in May 1998, the IJ issued a written decision sustaining Singh's charge of deportability and ordering him removed to India. In June 1998, Singh filed a motion to reconsider his deportability status and also filed for deferral of removal under Article 3 of the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("Torture Convention"), which prohibits the return of an individual to a country where "substantial grounds" exist for believing that he would be "in danger of being subject to torture." Singh submitted evidence that he had been subject to persecution and

4

torture in India and that he would "likely be subject to torture" should he return to India. The IJ denied Singh's motion to reconsider on two grounds: first, the motion was untimely, and second, even if the motion had been timely, Singh still stood "convicted of an aggravated felony." The IJ also held that she lacked authority to adjudicate Singh's Torture Convention claim.

On appeal, Singh again contested his deportability status and also filed a motion to reopen -- considered by the BIA a motion to remand -- so that he could apply for relief under the Torture Convention. In August 1999, the BIA remanded to the IJ for adjudication of Singh's Torture Convention claim. Singh did not appeal the BIA's remand decision to this Court. On remand in February 2000, the IJ granted Singh's request for deferral of removal under the Torture Convention. Singh remained in the United States pursuant to the IJ's order deferring removal under the Torture Convention.

Five years later, in April 2005, Singh filed a motion to re-open, seeking relief from deportation under former § 212(c) of the INA. 8 U.S.C. § 1182(c), repealed by Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 3009-597 (1996) (replacing § 212(c) with 8 U.S.C. § 1129(b)). The IJ denied this motion, finding that Singh was ineligible for a § 212(c) waiver "because there is no counterpart in the grounds of inadmissibility under § 212(a) for the aggravated

5

felony of sexual abuse of a minor."  See 8 C.F.R. § 1212.3(f)(5); In re Blake, 23 I. & N. Dec. 722, 729 (BIA 2005) (finding that "sexual abuse of a minor" did not have a statutory counterpart of inadmissibility under § 212(a)), remanded by Blake v. Carbone, 489 F.3d 88, 105 (2d Cir. 2007) (remanding to the BIA for a determination of whether the offense of "sexual abuse of a minor" constituted a "crime of moral turpitude," a ground of inadmissibility under § 212(a)).

Singh filed a timely appeal with the BIA, which denied relief on the same "statutory counterpart" ground.  The BIA additionally noted that it considered "untimely" Singh's claim that he was not convicted of an aggravated felony.  Singh then petitioned for review in this court.

## II.

We affirm the BIA's denial of Singh's request for § 212(c) discretionary relief. Because the development of and interplay among § 212, the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), and IIRIRA is directly relevant to our appraisal of Singh's claim, we will preface our discussion of that claim with a brief discussion of the legal landscape.

### A.

Aliens who have committed certain crimes generally may not be admitted to the United States. 8 U.S.C. § 1182(a)(2) (2000).

Section 212(a) of the INA enumerates such grounds, including the commission of certain crimes, that render an alien "inadmissible" to the United States. 8 U.S.C. § 1182(a). Notwithstanding § 212(a), under former § 212(c) of the INA, the Attorney General had the authority to grant discretionary admission to aliens who had voluntarily left the United States, sought reentry, and were returning to a "lawful unrelinquished domicile" of seven consecutive years. 8 U.S.C. § 1182(c), repealed by Pub. L. No. 104-208, § 304(b), 110 Stat. 3009-597 (1996).

By its plain terms, § 212(c) discretionary relief applied only to lawful resident aliens who were denied admission to the United States. However, the Second Circuit in 1976 read the Attorney General's authority under § 212(c) to extend discretionary relief to resident aliens who had not left the United States but were subject to deportation for offenses that were substantially similar to one of the grounds of inadmissibility set forth in § 212(a) of the INA. Francis v. INS, 532 F.2d 268, 273 (2d Cir. 1976); In Matter of Silva, 16 I. & N. Dec. 26, 30 (B.I.A. 1976) (adopting the Second Circuit's position in Francis).

Three statutes enacted since 1990 have narrowed the number of aliens eligible for § 212(c) relief. First, in 1990, Congress amended § 212(c) to exclude from eligibility for § 212(c) relief any alien convicted of an aggravated felony who had served a term of imprisonment of at least five years. Immigration Act of 1990,

7

Pub. L. No. 101-649, § 511(a), 104 Stat. 4978, 5052 (amending 8 U.S.C. § 1182(c) (repealed 1996)). Second, in April 1996, the passage of AEDPA further reduced the number of aliens eligible for § 212(c) relief by identifying a broad range of offenses -- including aggravated felony offenses -- that would render an alien, regardless of the length of his sentence, ineligible for § 212(c) relief. Pub. L. No. 104-132, § 440(d), 110 Stat. 1277 (1996) (amending 8 U.S.C. § 1182(c) (repealed 1996)). Third and finally, in September 1996, Congress enacted IIRIRA, which repealed § 212(c) and replaced it with 8 U.S.C. § 1229b, which gives the Attorney General the authority to cancel removal for a very narrow class of inadmissible or deportable aliens, but precludes such relief for anyone "convicted of any aggravated felony." 8 U.S.C. § 1229b(a)(3) (2000). In addition, § 321 of IIRIRA expanded the definition of "aggravated felony" to include "sexual abuse of a minor." 8 U.S.C. § 1101(a)(43)(A). Section 321 explicitly states that the amended definition of "aggravated felony" applies with respect to any "conviction . . . entered before, on, or after" the enactment date of IIRIRA -- September 30, 1996. Id.; see also INS v. St. Cyr, 533 U.S. 289, 319 (2001); Chuang v. U.S. Attorney Gen., 382 F.3d 1299, 1303 (11th Cir. 2004); Mohammed v. Ashcroft, 261 F.3d 1244, 1250 (11th Cir. 2001).

B.

Singh entered his guilty plea in January of 1997. As of April 24, 1996, AEDPA declared that aliens convicted of aggravated felonies, regardless of the length of their sentences, were ineligible for discretionary relief from deportation under § 212(c). See Pub. L. No. 104-132, § 440(d), 110 Stat. 1277 (amending 8 U.S.C. § 1182(c) (repealed 1996)); United States v. Velasco-Medina, 305 F.3d 839, 843 (9th Cir. 2002). In addition, IIRIRA, enacted on September 30, 1996, added "sexual abuse of a minor" to the definition of aggravated felony.[2] IIRIRA § 321, codified as 8 U.S.C. § 1101(a)(43)(A). Section 321 of IIRIRA also provided that its expanded definition of "aggravated felony" was to apply "regardless of whether the conviction was entered before, on, or after September 30, 1996." Id.

---

[2]The fact that Singh was sentenced to less than a year of imprisonment, see supra at 4 (Singh sentenced to 360 days suspended), does not affect his status as an aggravated felon under federal law. The provision defining "sexual abuse of a minor" as an "aggravated felony" imposes no additional requirement that the sentence for that crime be of any particular duration in order for the crime to qualify as an aggravated felony. 8 U.S.C. § 1101(a)(43)(A). Other crimes defined as "aggravated felonies" under 8 U.S.C. § 1101(a)(43), however, do impose such a requirement. See, e.g., 8 U.S.C. § 1101(a)(43)(F) (defining a "crime of violence . . . for which the term of imprisonment [is] at least one year" as an aggravated felony); id. § 1101(a)(43)(G) (defining "a theft offense . . . or burglary offense for which the term of imprisonment [is] at least one year" as an aggravated felony). Thus, had Congress intended to impose a requirement that a sentence of a year of more be imposed in order for "sexual abuse of a minor" to be classified as an "aggravated felony," it would and could have done so in the definitional statute.

Thus Singh pled guilty in January 1997, after the enactment of AEDPA, which made clear that § 212(c) relief was not available to legal permanent residents convicted of an aggravated felony, and after the enactment of § 321 of IIRIRA, which classified "sexual abuse of a minor" as an "aggravated felony," and which provided that the expanded definition was to apply "regardless of whether the conviction was entered before, on, or after" the date of enactment of that provision. Therefore, under existing law, Singh was both deportable and -- because the definition of "aggravated felony" in IIRIRA applied regardless of the date of conviction -- ineligible for § 212(c) relief.

Singh relies heavily on the Supreme Court's decision in St. Cyr for his argument that he is entitled to § 212(c) relief. 533 U.S. 289. In St. Cyr, the Supreme Court held that the repeal of § 212(c) by § 304 of IIRIRA did not apply to aliens who had entered a guilty plea prior to April 1, 1997 (IIRIRA's effective date) and who "would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." Id. at 326. But the facts of St. Cyr are distinct from those here in one very key respect: respondent alien Enrico St. Cyr entered a guilty plea to an aggravated felony in March of 1996, before the passage of AEDPA § 440(d). Id. at 293, 315. The alien in St. Cyr was "eligible for § 212(c) relief at the time of [his] plea under the law then in effect." Id. at 326. By contrast, Singh entered a guilty plea

10

<u>after</u> the passage of AEDPA and with full knowledge that IIRIRA § 321's amended definition of "aggravated felony" applied to convictions entered before, on, or after IIRIRA's enactment date.

In fact, the law at the time of Singh's plea made perfectly clear that he belonged to that class of aggravated felons who were deportable and were ineligible for § 212(c) relief, regardless of whether their pleas were entered before or after IIRIRA's enactment. And thus, Singh could not have relied upon the possibility of § 212(c) relief when deciding to enter his plea. <u>See</u> <u>Velasco-Medina</u>, 305 F.3d at 849-50 (noting that an alien who pled guilty to burglary in June 1996 had no "settled expectations" of § 212(c) relief when "AEDPA had foreclosed § 212(c) relief for legal permanent residents convicted of aggravated felonies" and when the alien "would have realized that if his conviction were recharacterized as an aggravated felony (as, in fact, it was by IIRIRA), he would have, under AEDPA, been ineligible for discretionary relief under § 212(c)"). "There can be little doubt that, as a general matter, alien defendants considering whether to enter into a plea agreement are acutely aware of the immigration consequences of their convictions." <u>St. Cyr</u>, 533 U.S. at 289, 322 (citing <u>Magana-Pizano v. INS</u>, 200 F.3d 603, 612 (9th Cir. 1999) ("That an alien charged with a crime . . . would factor the immigration consequences of conviction in deciding whether to plead or proceed to trial is well-documented.")).

11

As heretofore stated, Singh was fully aware of the precise legal consequences of his plea as they pertained to his deportability; he can assert no reliance interest similar to that recognized in <u>St. Cyr</u>. <u>See</u> <u>Mbea v. Gonzales</u>, 482 F.3d 276, 281-282 (4th Cir. 2007) (noting that reliance interests -- at the time of plea -- lie at the heart of <u>St. Cyr</u>); <u>Chambers v. Reno</u>, 307 F.3d 284, 289 (4th Cir. 2002) (same). Because Singh was plainly on notice at the time of his plea that no § 212(c) relief would or indeed could be forthcoming, his challenge to the BIA's order of removal fails. For the foregoing reasons, Singh's petition is

<u>DISMISSED IN PART AND DENIED IN PART</u>.