[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13055
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 28, 2009
THOMAS K. KAHN
CLERK

Agency No. A91-426-881

JESUS MATHEHUALA GARCIA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(January 28, 2009)

Before HULL, WILSON and FAY, Circuit Judges.

PER CURIAM:

Jesus Matehuala Garcia ("Matehuala"), a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") denial of his request for relief under former Immigration and Nationality Act ("INA") § 212(c), 8 U.S.C. § 1182(c). This appeal raises two issues: (1) whether we have jurisdiction to hear Matehuala's constitutional and legal claim, pursuant to 8 U.S.C. § 1252(a)(2)(D); and (2) whether Matehuala's right to equal protection was violated when he was denied eligibility for waiver under former § 212(c) because he is removable, pursuant to 8 U.S.C. § 1227, on grounds that have no analogue in the INA's inadmissability grounds.

I.

The REAL ID Act amended 8 U.S.C. § 1252 to preclude judicial review of the removal orders of aliens who have been convicted of an aggravated felony offense. 8 U.S.C. § 1252(a)(2)(C). However, we retain jurisdiction to review "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D). We have addressed equal protection challenges to § 212 applying the REAL ID Act. *See Camacho-Salinas v. U.S. Att'y Gen.*, 460 F.3d 1343 (11th Cir. 2006) (per curiam) (involving a §212(h) waiver).

Accordingly, our jurisdiction to consider Matehuala's equal protection claim is not in doubt. Moreover, our jurisdiction over Matehuala's legal claim is not barred by INA § 242(a)(2)(B)(ii) because Matehuala's eligibility for a § 212(c) waiver is a question of law.

## II.

We review the BIA's determinations on questions of law *de novo*, with appropriate deference to the BIA's reasonable interpretations of the INA. *Farquharson v. U.S. Att'y. Gen.*, 246 F.3d 1317, 1320 (11th Cir. 2001). *See also Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842-43, 104 S. Ct. 2778, 2781 (1984). Additionally, "we review constitutional challenges *de novo*." *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 808 (11th Cir. 2006) (per curiam).

Matehula argues that he is eligible for § 212(c) relief because the offense rendering him removable, battery, qualifies as a crime of moral turpitude. Matehuala acknowledges that, as a lawful permanent resident of the United States, he was charged with removability on the basis of committing an aggravated felony crime of violence. However, he maintains that if he had been charged upon attempted reentry into the United States, he would have been charged with inadmissibility on the basis of having committed a crime of moral turpitude, and immigration officials would have discretion to readmit him. Matehuala specifically challenges that the test for comparability established by *In re Matter of*

3

*Blake*, 23 I. & N. Dec. 722, 728 (BIA 2005), and contends that application of the *Blake* test violates his constitutional right to equal protection because it treats similarly situated people differently and fails to consider whether the facts create a crime-of-moral-turpitude ground of inadmissibility in addition to the charged ground of removability.

### A. Eligibility for INA § 212(c) Relief

Former INA § 212(c), 8 U.S.C. § 1182(c), provided that an alien lawfully admitted for permanent residence who temporarily proceeds abroad voluntarily and not under an order of deportation, and who is returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted to the United States at the discretion of the Attorney General without regard to certain specified grounds of exclusion enumerated in INA § 212(a), 8 U.S.C. § 1182(a). *See* 8 U.S.C. § 1182(c) (repealed 1996). The availability of § 212(c) relief was later extended to lawful permanent residents who never left the United States but who were subject to deportation on grounds analogous to the grounds of exclusion specified in INA § 212(a), 8 U.S.C. § 1182(a). *See Rodriguez-Padron v. I.N.S.*, 13 F.3d 1455, 1460-61 (11th Cir. 1994). While § 212(c) was repealed in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208 § 304(b), 110 Stat. 3009-597 (1996), relief under § 212(c) remains available, pursuant to *INS v. St. Cyr*, 533 U.S. 289, 326, 121 S. Ct. 2271, 2293 (2001), for

aliens who have been found removable pursuant to guilty pleas entered prior to § 212(c)'s repeal, and "who, notwithstanding those convictions would have been eligible for § 212(c) relief at the time of their plea under the law then in effect."

The Third Circuit provides an instructive analysis of the relevant framework of deportation law:

> Section 237 of the INA, entitled "Deportable Aliens," lists the grounds upon which the Attorney General may order an alien removed. It is in this context that courts look to an alien's *underlying criminal conviction* to determine whether it falls within one of § 237's statutory grounds for removal. . . .
>
> The statutory counterpart requirement under § 212(c), on the other hand, presents an entirely different question. In an application for § 212(c) *relief* . . . , the alien's removability has already been established – i.e., it has already been determined that the underlying crime for which he has been convicted falls within one of INA § 237's grounds for removal.  The relevant statutory counterpart inquiry then looks not to the underlying criminal conviction – but rather to the *statutory ground for removal contained in INA § 237* and whether it has a counterpart in the *statutory ground for exclusion provisions of INA § 212(a)*. Under this categorical analysis, [a comparison of] the removal and exclusion provisions of the INA [is undertaken] to determine whether they are substantially equivalent.

*Caroleo v. Gonzales*, 476 F.3d 158, 164 (3d Cir. 2007) (internal quotation marks omitted).

The BIA has adopted the statutory counterpart analysis.  In *In re Matter of Brieva-Perez*, 23 I. & N. Dec. 766, 773 (BIA 2005), the BIA denied eligibility for waiver under former § 212(c) upon concluding that an aggravated felony-crime-of-

5

violence ground for removal under INA § 237 is not substantially equivalent to INA § 212(a)'s crime-involving-moral-turpitude ground for exclusion. The BIA concluded that the two cannot be considered statutory counterparts. *Id.* In reaching this conclusion, the BIA relied on its decision in *Blake*, in which it held that the sexual-abuse-of-a-minor aggravated-felony ground for removal, INA § 101(a)(43)(A), is not a statutory counterpart of INA § 212(a)'s crime-involving-moral-turpitude ground for exclusion. *Blake*, 23 I. & N. Dec. at 729. The *Blake* court noted that, although some crimes constituting sexual abuse of a minor may well constitute moral turpitude, the mere overlap between crimes of violence, such as sexual abuse, and some crimes involving moral turpitude is insufficient to render the two statutory counterparts. *Id.* at 728. Rather, the BIA required a close textual link between a ground of deportation or removal and the provisions for exclusion or inadmissibility. *Id.*

We have followed the BIA's statutory counterpart analysis and focused the § 212(c) inquiry on whether the statutory ground for removal has a statutory counterpart ground for exclusion in § 212(a). In *Rodriguez-Padron*, petitioners, classified as deportable after having been convicted of firearms offenses, were denied relief under § 212(c) because they were deportable on a ground for which there was no statutory analogue for exclusion in § 212. *Rodriguez-Padron*, 13 F.3d at 1456-57. We declined to extend § 212(c) relief to all aliens facing

6

deportation, unless the ground was one specifically excluded in § 212(c). *Id.* at 1460. In doing so, we reasoned that the denial 212(c) relief to aliens removable on a ground with no analogue for exclusion in § 212(a) had a rational basis and thus, was not a violation of equal protection, and there was no indication of congressional intent to extend the availability of § 212(c) relief beyond the statutory language of § 212(c). *Id.* at 1459-60.

Here, Matehuala was convicted of an aggravated felony crime of violence that has no statutory counterpart in § 212(a). Thus, he is ineligible for § 212(c) relief, and his petition of review as to this issue is denied.

## B. Equal Protection

We have rejected the argument that the distinction between a deportable and an excludable aliens' ability to obtain § 212(c) relief violates equal protection guarantees. *Chuang v. U.S. Att'y Gen.*, 382 F.3d 1299, 1304 (11th Cir. 2004) (per curiam). Even if deportable and excludable aliens could be considered similarly situated, there is a rational basis for distinguishing between the two.

> A rational and indeed sensible reason can readily be assigned to Congress's more lenient treatment of excludable as distinct from deportable aliens: it creates an incentive for deportable aliens to leave the country-which is after all the goal of deportation-without their having to be ordered to leave at the government's expense. To induce their voluntary departure, a little carrot is dangled before them, consisting of the opportunity to seek a waiver should they seek to return to the country and by doing so trigger exclusion proceedings.

*Id.* at 1303-04 (quotation omitted).

Because there is a rational basis behind the different treatment of excludable and deportable aliens, we reject Matehuala's equal protection challenge.

## **CONCLUSION**

We defer to the BIA's statutory counterpart analysis and find that denial of § 212(c) relief does not violate equal protection where an applicant is deportable on grounds that have no comparable statutory grounds for inadmissibilty. Upon review of the record and the parties' briefs, we discern no reversible error. Accordingly, the petitioner's petition for review is denied.

**PETITION DENIED.**