Jairo MIRANDA, Petitioner,

v.

U.S. ATTORNEY GENERAL, Respondent.

No. 15–11824
Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Dec. 1, 2015.

Jose Debs–Elias, Jose Debs–Elias, PA, Jacksonville, FL, for Petitioner.

Corey Leigh Farrell, Siu P. Wong, U.S. Department of Justice, Oil, Washington, DC, Nicole Guzman, Dhs, Office of Chief Counsel, Orlando, FL, for Respondent.

Before WILSON, ROSENBAUM, and EDMONDSON, Circuit Judges.

PER CURIAM:

Jairo Jeremias Miranda–Cisneros ("Petitioner"), a native and citizen of El Salvador, petitions for review of the order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ's") denial of cancellation of removal under 8 U.S.C. § 1229b(b). The BIA concluded that Petitioner failed to demonstrate that his removal would cause his two United States citizen children to suffer "exceptional and extremely unusual hardship," as required to qualify for relief under section 1229b(b). On appeal, Petitioner challenges the constitutionality of the "exceptional and extremely unusual hardship" standard.*

dard.* No reversible error has been shown; we deny the petition.

We review the BIA's decision in this case because the BIA did not adopt expressly the IJ's decision. *See Hernandez v. U.S. Att'y Gen.*, 513 F.3d 1336, 1338–39 (11th Cir.2008). We review constitutional challenges *de novo*. *Lapaix v. U.S. Att'y Gen.*, 605 F.3d 1138, 1143 (11th Cir.2010).

Petitioner first contends that the "exceptional and extremely unusual hardship" standard violates the Equal Protection Clause of the Fifth and Fourteenth Amendments. Briefly stated, Petitioner argues that no rational basis exists for requiring aliens applying for cancellation of removal to show a higher level of hardship than that required of similarly-situated aliens seeking other forms of immigration relief.

"Given that Congress has plenary power to pass legislation concerning the admission and exclusion of aliens, federal classifications that distinguish among groups of aliens are subject only to rational basis review." *Resendiz–Alcaraz v. Ashcroft*, 383 F.3d 1262, 1271 (11th Cir.2004) (citations omitted). "Under rational-basis scrutiny, a statute is accorded a strong presumption of validity and will be upheld if any reasonably conceivable state of facts could demonstrate that the statute is rationally related to a legitimate government purpose." *Tefel v. Reno*, 180 F.3d 1286, 1299 (11th Cir.1999) (quotations omitted). The alien bears the burden of showing that the classification is not rationally related to a legitimate government purpose. *Resendiz–Alcaraz*, 383 F.3d at 1271–72.

---

* Petitioner concedes that this Court lacks jurisdiction to review the BIA's discretionary determination about whether Petitioner in fact demonstrated "exceptional and extremely unusual hardship." This Court does, however, retain jurisdiction to review Petitioner's constitutional arguments. *See Jimenez–Galicia v.*

*U.S. Att'y Gen.*, 690 F.3d 1207, 1209 (11th Cir.2012) ("We can review no discretionary determinations about cancellation of removal, except those discretionary determinations about which Petitioner presents a genuine constitutional claim or question of law.").

Petitioner has failed to satisfy his burden of proof. Congress has articulated a rational basis for adopting the "exceptional and extremely unusual hardship" standard for cancellation of removal. *See* H.R. Conf. Rep. 104–828, at 213–14 (1996) (Conf. Rep.). Congress explained that cancellation of removal should be limited to "truly exceptional cases," consistent with the country's fundamental immigration laws and policies. *Id.* In the interest of conforming with the country's immigration policies—and in response to the "weakening" of the former "extreme hardship" standard—Congress adopted the heightened "exceptional and extremely unusual hardship" standard "to emphasize that the alien must provide evidence of harm to his spouse, parent, or child substantially beyond that which ordinarily would be expected to result from the alien's deportation." *Id.* Given Congress's stated legitimate government purpose, the heightened hardship standard survives rational-basis scrutiny.

We also reject Petitioner's contention that his being treated less favorably than excludable aliens constitutes an equal protection violation. We have concluded that deportable aliens—like Petitioner—may permissibly be categorized differently from excludable aliens. *See Chuang v. U.S. Att'y Gen.*, 382 F.3d 1299, 1303–04 (11th Cir.2004) (explaining that the disparity in treatment between deportable and excludable aliens incentivizes deportable aliens to leave the country voluntarily—with the possibility of later entering the country legally—without being ordered to leave at government expense).

We also reject Petitioner's argument that the "exceptional and extremely unusual hardship" standard is unconstitutionally vague. A civil statute is void for unconstitutional vagueness when the statute is so unclear "that persons of common intelligence must necessarily guess at its meaning and differ as to its application." *Wilson v. State Bar of Ga.*, 132 F.3d 1422, 1429 (11th Cir.1998) (quotations omitted). In assessing a statute's vagueness, we consider the statutory language in the light of limiting interpretations applied by the agency charged with the statute's enforcement. *See Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 102 S.Ct. 1186, 1191 n. 5, 71 L.Ed.2d 362 (1982).

As an initial matter, Petitioner himself has clearly failed to satisfy the "exceptional and extremely unusual hardship" standard. To demonstrate hardship, Petitioner argues only that, if he were returned to El Salvador and his children remained in the United States, his children would lose their only means of financial support. Alternatively, if Petitioner's children accompanied Petitioner back to El Salvador, Petitioner contends that his children would have fewer economic, medical, and educational opportunities. But as the BIA explained, the hardships described by Petitioner are not unusual when a family member is removed. As a result, the hardships identified by Petitioner are clearly insufficient to satisfy the "exceptional and extremely unusual hardship" standard. *See, e.g., In re Andazola–Rivas*, 23 I. & N. Dec. 319, 324 (BIA 2002) (hardships that are "not substantially different from those that would normally be expected upon removal to a less developed country" are insufficient to satisfy the heightened hardship standard); *In re Monreal*, 23 I. & N. Dec. 56, 62 (BIA 2001) (interpreting the "exceptional and extremely unusual hardship" standard to require a showing of hardship "beyond the ordinary hardship that would be expected when a close family member leaves this country").

Because the "exceptional and extremely unusual hardship" standard bars unambig-

uously Petitioner relief, the standard is not unconstitutionally vague as applied to Petitioner. Moreover, because Petitioner himself has failed to satisfy the heightened hardship standard, he is precluded from challenging the statute's vagueness as applied to others. *See Vill. of Hoffman Estates,* 102 S.Ct. at 1191 ("A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others.").

PETITION DENIED.