[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13821
Non-Argument Calendar

_____

Agency No. A205-007-783

IMBERT ROMERO-JAIMES,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(August 6, 2021)

Before JORDAN, NEWSOM and GRANT, Circuit Judges.

PER CURIAM:

Imbert Romero-Jaimes seeks review of the Board of Immigration Appeals' order affirming the Immigration Judge's denial of his application for cancellation of removal under Immigration and Nationality Act § 240A(b), 8 U.S.C. § 1229b(b). He first argues that the IJ erred in finding that he was not continuously physically present in the United States for ten years. Romero-Jaimes also raises substantive-due-process and equal-protection challenges to the "exceptional and extremely unusual hardship" standard in INA § 240A(b), 8 U.S.C. § 1229b(b). We dismiss the petition in part and deny it in part.

**I**

First up, Romero-Jaimes's argument about the IJ's finding on continuous physical presence. Because we review the IJ's decision only to the extent the BIA adopts it as its own, *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1350 (11th Cir. 2009), where an issue reached by the IJ doesn't form a part of the BIA's decision, that issue is not properly before us, *Gonzales v. U.S. Att'y Gen.*, 820 F.3d 399, 403 (11th Cir. 2016).

Here, the IJ determined that Romero-Jaimes did not meet one of the necessary preconditions to be eligible for the discretionary relief of cancellation of removal under INA § 240A(b), 8 U.S.C. § 1229b(b)—that of continuous physical presence in the United States for at least ten years preceding an application for cancellation of removal. But the BIA did not adopt that ground for its decision.

2

Instead, it said that it was not addressing the issue of continuous physical presence at all. So, because that issue formed no part of the BIA's decision, it plays no part in our review. *See Gonzalez*, 820 F.3d at 403; *Martinez v. U.S. Att'y Gen.*, 446 F.3d 1219, 1221 n.2 (11th Cir. 2006).

## II

Next, we address Romero-Jaimes's challenges to the constitutionality of the "exceptional and extremely unusual hardship" standard in INA § 240A(b), 8 U.S.C. § 1229b(b). The Attorney General has discretion to grant cancellation of removal to an alien who shows, among other things, that "removal would result in exceptional and extremely unusual hardship to the alien's … child, who is a citizen of the United States[.]" INA § 240A(b)(1)(D), 8 U.S.C. § 1229b(b)(1)(D). In determining whether removal would result in such hardship, the BIA considers various factors "in the aggregate," including "the ages, health, and circumstances of [the] qualifying [relative]," whether the alien has "a qualifying child with very serious health issues, or compelling special needs in school," and whether the qualifying relative would experience "[a] lower standard of living or adverse country conditions in the country of return." *Matter of Monreal-Aguinaga*, 23 I. & N. Dec. 56, 63 (BIA 2001). Because the decision to grant cancellation is discretionary, we lack jurisdiction to review it. INA § 242(a)(2)(B), 8 U.S.C. § 1252(a)(2)(B); *Martinez v. U.S. Att'y Gen.*, 446 F.3d at 1222. And as a general

3

matter, issues not raised before the BIA are unexhausted, and we lack jurisdiction to consider them. INA § 242(d)(1), 8 U.S.C. § 1252(d)(1); *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006). But we may review constitutional claims and questions of law, INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D), and "constitutional claims raised for the first time . . . that address issues beyond the power of the BIA to address in adjudicating an individual's case may not require exhaustion." *Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 868 (11th Cir. 2018); *see also Sundar v. I.N.S.*, 328 F.3d 1320, 1325 (11th Cir. 2003).

Here, Romero-Jaimes's initial challenge sounds in "substantive due process." The Supreme Court has a "line of cases which interprets the Fifth and Fourteenth Amendments' guarantee of 'due process of law' to include a substantive component, which forbids the government to infringe certain 'fundamental' liberty interests at all, no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest." *Reno v. Flores*, 507 U.S. 292, 301–02 (1993). But aliens do not have a constitutionally protected liberty interest in purely discretionary forms of relief, such as cancellation of removal. *Scheerer v. U.S. Att'y Gen.*, 513 F.3d 1244, 1253 (11th

4

Cir. 2008). As such, Romero-Jaimes's substantive-due-process argument cannot succeed. *Id.*[1]

Next up, his equal-protection challenge. The Supreme Court has held that "the Due Process Clause of the Fifth Amendment contains an equal protection component prohibiting the United States from invidiously discriminating between individuals or groups." *Washington v. Davis*, 426 U.S. 229, 239 (1976). Romero-Jaimes contends that the "exceptional and extremely unusual hardship" standard violates this equal-protection component of the Fifth Amendment. Though the exact shape of his argument isn't crystal clear, he appears to contend that the hardship standard is unconstitutional because it distinguishes between qualifying relatives like his family members—*i.e.*, U.S. citizens and lawful permanent residents—and removeable aliens like himself.

That argument is unpersuasive. Although the principle of equal protection means that "all persons similarly circumstanced shall be treated alike . . . the Constitution does not require things which are different in fact or opinion to be

---

[1] To the extent Romero-Jaimes argues that the denial of cancellation of removal violates the substantive-due-process rights of his U.S. citizen family members, that argument is unavailing. *See Gonzalez-Cuevas v. Immigr. & Naturalization Serv.*, 515 F.2d 1222, 1224 (5th Cir. 1975) ("Legal orders of deportation to their parents do not violate any constitutional right of citizen children[.]"); *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting decisions of the former Fifth Circuit as binding precedent); *cf. Bakran v. Sec'y, United States Dep't of Homeland Sec.*, 894 F.3d 557, 565 (3d Cir. 2018) ("[N]o court has recognized that a citizen spouse has a constitutional right to have his or her alien spouse reside in the United States[.]").

treated in law as though they were the same." *Plyler v. Doe*, 457 U.S. 202, 216 (1982) (cleaned up). Particularly for purposes of immigration law, aliens and citizens are not "similarly circumstanced." Rather, as the Supreme Court has explained, the "whole of Title 8 of the United States Code, regulating aliens and nationality, is founded on the legitimacy of distinguishing between citizens and aliens." *Mathews v. Diaz*, 426 U.S. 67, 78 n.12 (1976). To the extent that Romero-Jaimes's equal-protection challenge goes to the distinction made between citizens and aliens, then, it is unavailing.

So far as his equal-protection challenge goes instead to the distinctions made between different classes of aliens—*i.e.*, between those whose family members meet the hardship standard and those that don't—that challenge also fails. Statutory classifications of immigrants are subject to minimal scrutiny. *Rivas v. U.S. Att'y Gen.*, 765 F.3d 1324, 1328–29 (11th Cir. 2014). Under this standard, the alien has the burden of showing that the government regulation at issue is either arbitrary or unreasonable and is not rationally related to the government's purpose. *Id.* We will uphold the classification if there is "any reasonably conceivable state of facts that could provide a rational basis for the classification." *Resendiz-Alcaraz v. U.S. Att'y Gen.*, 383 F.3d 1262, 1271 (11th Cir. 2004) (quotation marks omitted).

Romero-Jaimes hasn't carried his burden of proof on this front. The "exceptional and extremely unusual hardship standard" in INA § 240A(b), 8 U.S.C. § 1229b(b), survives this review because it is reasonably conceivable that Congress chose to limit cancellation of removal to truly exceptional cases as a response to a weakening of the then-extant standard for this form of relief. *See, e.g.*, *Miranda v. U.S. Att'y Gen.*, 632 F. App'x 997, 999 (11th Cir. 2015); *Mendez-Gutierrez v. U.S. Att'y Gen.*, 2021 WL 2209841, at *3 (11th Cir. June 1, 2021).[2]

**PETITION DISMISSED IN PART, DENIED IN PART.**

---

[2] To the extent Romero-Jaimes is instead advancing a challenge to the correctness of the BIA's interpretation of the statute—rather than the constitutionality of the statute itself—that issue is unexhausted and we lack jurisdiction to consider it. *Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1297 (11th Cir. 2015).